IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:17-CR-129-FL-1
No. 7-20-CV-7-FL

| | |
|---|---|
| DAVID ANDREW KIRTON, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) MEMORANDUM IN SUPPORT |
| v. | ) OF MOTION TO DISMISS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

Respondent, by and through the United States Attorney for the Eastern District of North Carolina, submits this memorandum in support of its Rule 12(b)(6) motion to dismiss Petitioner's motion under § 2255 to vacate, set aside, or correct his sentence ("Section 2255 Motion") [D.E. 108].

## SUMMARY OF ARGUMENT

Petitioner was convicted of a federal drug conspiracy in 2011. Presentence Investigation Report ("PSR") [D.E. 79] at ¶ 27. From October of 2016, through April of 2017, while on supervised release relating to his first federal drug conviction, Petitioner supervised a heroin drug trafficking conspiracy based in Wilmington, North Carolina. Id. at ¶¶ 13, 59. As shown from the evidence presented during his lengthy detention hearing, the Government possessed an overwhelming amount of videotape and surveillance evidence of Petitioner's guilt. Pretrial Detention Hearing Transcript [D.E. 101] ("Detention Hrg. Tr.") at 19-28. Consequently, defense counsel

1

wisely negotiated a plea to one substantive drug count and focused his attention on attacking the credibility of the cooperating co-defendant, who attributed a significant amount of drug weight to Petitioner. Although the PSR computed Petitioner's advisory guideline range to be 188-235 months' imprisonment, the Court sustained defense counsel's objections and ultimately sentenced Petitioner to 100 months' imprisonment. PSR at ¶ 67; Sentencing Transcript [D.E. 102] ("Sent. Tr.") at 9-11.

Notwithstanding this favorable outcome, nor the fact that his plea agreement contained an appellate waiver, Petitioner filed an appeal based on sentencing issues and an ineffective assistance of counsel claim. The Fourth Circuit dismissed the appeal based on Petitioner's appellate waiver [D.E. 104]. Petitioner then filed the Section 2255 Motion seeking to vacate his sentence based on allegations of ineffective assistance of counsel at both the pre-plea stage and at the sentencing hearing.

Petitioner is unable to show that his counsel's representation was deficient or that any perceived deficiency prejudiced him. Rather, as discussed in detail below, defense counsel was very effective at both the plea negotiation phase and at sentencing. Thus, Petitioner's motion to vacate his sentence based on allegations of ineffective assistance of counsel should be dismissed.

## FACTUAL AND PROCEDURAL STATEMENT

### I. Facts

Petitioner has been actively involved in drug trafficking his entire adult life. PSR at ¶¶ 24-27. From 2008 to 2009, after a number of drug-related state convictions, the Wilmington Police Department ("WPD") was able to make a number

of controlled purchases of crack cocaine and heroin from Petitioner. Id. at ¶ 27. On February 24, 2010, a federal indictment was returned charging Petitioner with drug trafficking crimes relating to such drug sales. See United States v. Kirton, Case No. 7-10-CR-28-BO at D.E. 1. Petitioner pled guilty to the drug conspiracy count and was sentenced to 60 months' imprisonment. PSR at ¶ 27. Petitioner completed his term of incarceration on January 23, 2014, and began his five-year term of supervised release. Id.

From October of 2016, through April 11, 2017, while on federal supervised release, Petitioner supplied heroin to various drug dealers in the Wilmington area, including his co-defendant John Mickey Harris, Jr. Id. at ¶ 12. During this period, WPD coordinated controlled purchases of heroin from Petitioner on seven occasions. Id. at ¶ 12. Although most of the heroin drug transactions occurred in parking lots of various businesses, on February 22, 2017, Petitioner instructed the CI to meet at Petitioner's residence. Detention Hrg. Tr. at 26-27. During this heroin drug sale, Petitioner stated that he could also supply the CI with crack cocaine to sell on the streets of Wilmington. Id. at 27. As part of this conspiracy, Petitioner transported Harris to New York, introduced Harris to Petitioner's source of heroin, and arranged for Harris make the supply trips to New York. PSR at ¶ 17; Sent. Tr. at 6.

**II. Procedural History**

On April 11, 2017, Petitioner and Harris were arrested on state drug trafficking charges and released on bond. PSR at pg. 1. On September 26, 2017, a federal indictment was returned charging Petitioner and Harris with a drug

trafficking conspiracy and substantive drug trafficking counts [D.E. 1]. Each of the eight charges against Petitioner carried a statutory term of up to 20 years' imprisonment.[1] Petitioner was arrested on October 2, 2017 (PSR at pg. 1), and defense counsel James S. Perry was appointed as his defense counsel [D.E. 23]. On October 5, 2017, defense counsel filed a formal request for discovery [D.E. 24].

At Petitioner's detention hearing held on October 11, 2017, WPD Detective Jason Worrell testified in detail about the videotape and surveillance evidence pertaining to the heroin sales engaged in by Petitioner. Detention Hrg. Tr. at 19-28. After a lengthy hearing, Magistrate Judge Kimberly Swank issued an order detaining Petitioner. Id. at 36. On November 20, 2017, Petitioner filed a pro se motion seeking to fire Mr. Perry [D.E. 40]. The Court granted Petitioner's motion and appointed Daniel Donahue as Petitioner's second appointed counsel [D.E. 42, 43].

On April 30, 2018, Petitioner entered a plea agreement under which he agreed to plead guilty to one substantive drug trafficking charge and the Government agreed to dismiss the remaining seven charges against him at sentencing [D.E. 63]. Petitioner waived his appellate and post-conviction challenge rights, excepting ineffective assistance of counsel or prosecutorial misconduct not known at the time of the guilty plea. Id. at ¶ 2(c). Defense counsel was able to negotiate an exception to the waiver allowing Petitioner to appeal "from a sentence in excess of the advisory

---

[1]Because Petitioner had a prior felony drug offense, his maximum exposure on each count could have been increased to 30 years' imprisonment. 21 U.S.C. § 851.

4

Guideline range that is established at sentencing." Id. The plea agreement also contained a paragraph in which Petitioner acknowledged that he understood, agreed, and admitted as follows:

> That the Court will take into account, but is not bound by, the applicable United States Sentencing Guidelines, that the sentence has not yet been determined by the Court, that any estimate of the sentence received from any source is not a promise, and that even if a sentence up to the statutory maximum is imposed, the Defendant may not withdraw the plea of guilty.

D.E. 63 at ¶ 3(c). The parties also entered a stipulation regarding the applicability of a downward adjustment for acceptance of responsibility in computed Petitioner's advisory guideline range. Id. at ¶ 5(a).

On May 1, 2018, the Court conducted a plea hearing in this case [D.E. 61-62]. Petitioner was put under oath and stated that he was almost 30 years' old, that he could read, write, and understand English, and that he "had enough time to meet with Mr. Donahue and be prepared" for his plea hearing. Transcript of Rule 11 Hearing ("Rule 11 Tr.") at 4-5.[2] Petitioner then agreed that he was satisfied with the work of his defense attorney. Id. at 5.

The Court advised Petitioner of his right to proceed to trial, rather than plead guilty, and confirmed that Petitioner understood such right. Id. at 5-6. The Court next informed Petitioner of the statutory penalties relating to the counts contained

---

[2]The Rule 11 transcript is found in the Joint Appendix relating to Petitioner's Fourth Circuit appeal at Appeal No. 18-4754 [D.E. 14]. For purposes of this filing, the Government refers to the page numbers containing in the Rule 11 transcript, rather than the Joint Appendix.

in the indictment and specifically advised Petitioner that his maximum exposure for each count could be increased to 30 years based on his prior drug conviction. Id. at 6-7.

In response to the Court's queries, Petitioner represented that he had signed the plea agreement, read it, discussed it with his attorney, and understood its terms. Id. at 7-8. The Court summarized some portions of the plea agreement, including Petitioner's waiver of appellate and post-conviction challenge rights. Id. at 8. Petitioner then pleaded guilty to count eight of the indictment. Id. at 9. The Court found that "the plea is voluntarily made, a factual basis exists." Id. at 12.

For guideline purposes, the PSR held Petitioner responsible for 2,810 grams of heroin, 14.08 grams of cocaine, and 80.96 of crack cocaine, resulting in a base offense level of 32. PSR at ¶¶ 18, 56. It is indisputable that the PSR did not include any information taken from post-plea debriefings of Petitioner in computing this drug weight. PSR at ¶¶ 12-19. After applying a two-level leadership enhancement, a two-level gun enhancement, and a three-level reduction for acceptance of responsibility, Petitioner faced a combined offense level of 33. PSR at ¶¶ 57, 59, 63-65. Based on a criminal history category of IV, Petitioner's advisory guideline range was computed to be188-235 months' imprisonment. Id. at ¶ 67.

Defense counsel filed three PSR objections on behalf of Petitioner [D.E. 78]. The first objection, which had no impact on Petitioner's advisory guideline range, related to the PSR's reference to Petitioner's leadership position in the Folk Nation

Street Gang (Crips).³ PSR at Addendum. Defense counsel also objected to the PSR's drug weight computation and to the inclusion of a two-level gun enhancement. Id. Defense counsel based these two objections on co-defendant Harris' lack of credibility and asserted that Petitioner's advisory guideline range should be reduced from 188-235 months' imprisonment, to 41-51 months' imprisonment.

In preparation for sentencing, defense counsel was successful in having the Government polygraph both Petitioner and Harris in accordance with the terms of their respective plea agreements. Sent. Tr. at 6. This tactic proved extremely effective in that Harris "showed to be deceptive on the polygraph" as to the weight and gun issues. Id. While conceding that Harris did make a number of trips to New York City on behalf of Petitioner, defense counsel argued that based on Harris' polygraph results the drug weight attributed to Petitioner must be reduced, the gun enhancement removed, and Petitioner's advisory guideline range reduced to 41-51 months' imprisonment. Id. at 6-10. The Government conceded that Harris' polygraph showed that he was "untruthful about who his source was and the firearm." Id. at 10. The Government then argued that "if the Court is inclined to find that 41-50 months as an advisory guideline, to either do an upward departure or variance to put him in a range that's consistent, somewhere in the 100 to 120 months." Id. at 10-11. The Government then submitted a written motion for upward

---

³Although defense counsel argued that Petitioner left the Crips in 2010, the Court denied the objection noting that it would not "intervene in the Bureau of Prisons' management of its caseload." Sent Tr. at 15.

departure/variance supporting the upward departure [D.E. 86]. Id. at 11.

The Court agreed with the Government's analysis and sentenced Petitioner to a term of 100 months' imprisonment, reasoning that "under 3553(a) and all the factors and his history, I think that that's appropriate." Id. at 14. The Court then turned to the pending motion to revoke supervised release relating to Petitioner's earlier federal conviction and imposed a 24 months' imprisonment consecutive term of imprisonment. Id.

On October 12, 2018, defense counsel filed a notice of appeal on behalf of Petitioner [D.E. 84]. On October 23, 2018, the Fourth Circuit granted defense attorney's motion to withdraw and appointed Deborrah Newton as appellate counsel [D.E. 92]. On April 30, 2019, the Fourth Circuit issued an order granting the Government's motion to dismiss appeal due to appellate waiver [D.E. 104]. In its order, the Fourth Circuit found that "Kirton's sentencing claims fall squarely within the compass of his waiver of appellate rights, and that Kirton's ineffective assistance claims are not cognizable on direct appeal." Id.

Notwithstanding defense counsel's success in securing a 100-month sentence in this case, Petitioner filed a motion seeking to vacate his sentence based on claim that his defense counsel provided ineffective assistance in connection with plea negotiations and during sentencing. Section 2255 Memo. at 5-6. The motion should be dismissed because Petitioner is unable to show that his counsel's representation was deficient or that any perceived deficiency prejudiced him. Furthermore, dismissal is required based on the Fourth Circuit's ruling on Petitioner's appeal and

due to Petitioner's plea agreement waiver.

## **ARGUMENT**

### I. **Standard of Review**

A petitioner seeking to vacate a sentence pursuant to Section 2255 must prove the sentence was imposed in violation of the Constitution or laws of the United States, that the sentencing court lacked jurisdiction, that the sentence exceeded the maximum allowed by law, or that the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A petitioner must prove the grounds for collateral relief by a preponderance of evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering a motion to dismiss, a court is not required to accept as true a petitioner's legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.2d 298, 302 (4th Cir. 2008); Iqbal, 556 U.S. at 678.

In ruling on a motion to dismiss, a court is allowed to take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir.

2009). The court is also allowed to consider "the files and records of the case" in determining whether a motion to dismiss is warranted. 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). After consideration of all these sources of information, dismissal is warranted if a petitioner fails to establish grounds for entitlement to relief. Bell Atlantic, 550 U.S. at 555.

## II. Petitioner's claims of ineffective assistance of counsel fail under both prongs of the Strickland test.

### a. Claim of ineffective assistance during plea negotiations.

A defendant's Sixth Amendment right to effective assistance of counsel extends to plea negotiations and the plea hearing itself. Missouri v. Frye, 566 U.S. 134, 140 (2012); Hill v. Lockhart, 474 U.S. 52, 57 (1985). Petitioner bases his first ground for relief on a claim that his defense counsel failed to provide effective assistance during the period leading up to guilty plea. In support of this claim, Petitioner argues that his counsel failed to conduct a pretrial investigation, failed to file any pretrial briefs, failed to advise Petitioner of the impact of his guilty plea, and failed to obtain a more favorable plea agreement. Section 2255 Motion at 4; Memorandum in Support of Section 2255 Motion [D.E. 108-1] ("Pet. Memo.") at 10-24.

To prevail on an ineffective assistance of counsel claim, Petitioner must establish the following two elements: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that the outcome of the proceeding would have been different but for counsel's substandard representation. Strickland v. Washington, 466 U.S. 668 (1984); see also Kimmelman v. Morrison, 477 U.S. 365,

382 (1986). Each of Petitioner's four allegations of pre-plea ineffective assistance fail to satisfy the Strickland test.

Petitioner's fails to establish ineffective assistance by simply making a generalized claim that defense counsel did not conduct an adequate investigation of the case. "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 691. In this case, as set forth during the detention hearing, the evidence of guilt against Petitioner was overwhelming, including multiple recordings and videotapes of drug deals involving the Petitioner. Consequently, as shown in defense counsel's objections to the PSR and argument during the sentencing hearing, defense counsel's strategy involved pleading guilty to one 20-year count and focusing on challenging the amount of drug weight attributed to Petitioner for sentencing purposes. This was sound legal advice and proved very successful at sentencing. Consequently, Petitioner's vague allegation of ineffectiveness regarding defense counsel's investigation of the case fails under both Strickland prongs.

Petitioner's allegation that counsel failed to file important pretrial motions is meritless [D.E. 108-1 at 16]. For example, Petitioner's claim that no motion for discovery was filed is simply false as shown from the filing made at the outset of the case by Mr. Perry [D.E. 24]. Furthermore, as shown from the evidence presented at the detention hearing, there were no reasonable grounds supporting a suppression motion or a challenge to the indictment in this case. Because a defense counsel does

not commit ineffective assistance "by failing to raise [a] legally frivolous claim . . . ," Petitioner is unable to satisfy either prong necessary for ineffective assistance as to this claim. West v. Jordan, 346 Fed.Appx. 312, 319 (10th Cir. 2009).

Petitioner's assertion that counsel failed to advise him properly of the consequences of entering a plea, rather than proceeding to trial,[4] appears to be based on a convoluted argument that Petitioner misunderstands how the Government could use information obtained from Petitioner pursuant to the plea agreement [D.E. 108-1 at 13-16]. This argument is undercut by the fact that Petitioner's plea agreement specifically provides U.S.S.G. § 1B1.8 protection [D.E. 63 at ¶ 4(f)] and the fact that the Court did not utilize such information at sentencing. Sent. Tr. at 10-11. Thus, Petitioner is unable to establish ineffective assistance on this claim.

Petitioner's claim that ineffective assistance is shown because counsel failed to get him a better plea deal [D.E. 108-1 at 22] is baseless. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. Counsel negotiated a plea under which Petitioner, who was caught trafficking heroin during his term of supervised release for his last federal drug

---

[4] A petitioner "must do more than allege he would have insisted on going to trial if counsel had not misadvised him as to the consequences of that decision. The 'petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" Christian v. Ballard, 792 F.3d 427, 452 (4th Cir. 2015), quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

trafficking offense, was allowed to plead guilty to just one count. "Pleading guilty generally involves a conscious decision to accept both the benefits and burdens of a bargain. That decision may not be lightly undone by buyer's remorse on the part of one who has reaped advantage from the purchase." United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012). Thus, Petitioner's general claim that his counsel should have been able to obtain a better plea agreement, without further analysis, constitutes little more than buyer's remorse.

      b.    <u>Claim of ineffective assistance during sentencing hearing</u>.

Petitioner bases his second ground for relief on a claim that, at sentencing, his defense counsel failed to "[p]roperly argue objections to the PSR" and failed to "[a]rgue for mitigation of punishment and object to Kirton's sentence being substantively unreasonable." Section 2255 Motion at 5; 2255 Pet. Memo. at 24-32.[5] Each of these arguments lack any merit whatsoever. Defense counsel worked diligently during the lead up to the sentencing hearing gathering evidence for use in attacking the credibility of Petitioner's co-defendant and then was successful in getting the Government to the concede the issue at sentencing. As a result, the PSR advisory guideline range of 188 to 235 months' imprisonment was reduced to 41 to 51

---

[5]The majority of Petitioner's Memorandum in Support of his Section 2255 Motion [D.E. 108-1 at 24-30] as to the sentencing hearing relies on cases involving the drug quantities necessary to trigger statutory mandatory terms of punishment. See Apprendi v. New Jersey, 530 U.S. 466 (2000); Alleyne v. United States, 570 U.S. 99 (2013). Because Petitioner's case does not involve this issue, the Court should reject such arguments as misplaced.

13

months' imprisonment. PSR at ¶ 67; Sent. Tr. at 10. The Court then granted the Government's motion for upward departure/variance and sentenced Petitioner to 100 months' imprisonment, well under the PSR's advisory guideline range. Because Petitioner is unable to show "counsel's performance fell below an objective standard of reasonableness," his motion should be dismissed. Sharpe v. Bell, 593 F.3d 372, 382 (4th Cir. 2010). In the end, defense counsel was highly effective representing Petitioner in this case and negotiated a fair resolution of this case.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Petitioner's Section 2255 Motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted, this 26th day of March, 2020.

        ROBERT J. HIGDON, JR.
        United States Attorney

By:   /s/ Dennis M. Duffy
      DENNIS M. DUFFY
      Assistant United States Attorney
      Civil Division
      150 Fayetteville Street
      Suite 2100
      Raleigh, NC 27601
      Telephone: (919) 856-4530
      Email: dennis.duffy@usdoj.gov
      N.C. Bar # 27225
      Attorney for United States of America

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this 26th day of March, 2020, served a copy of the foregoing upon the below-listed party by electronically filing the foregoing with the Court on this date using the CM/ECF system or placing a copy in the United States Mail to the following:

David Andrew Kirton, Jr.
#53240-056
FCI El Reno
P.O. Box 1500
El Reno, OK 73036

BY:   /s/ Dennis M. Duffy
DENNIS M. DUFFY
Assistant United States Attorney
Civil Division
150 Fayetteville Street
Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Email: dennis.duffy@usdoj.gov
N.C. Bar # 27225
Attorney for United States of America