

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:17-CR-129-FL-1
No. 7:20-CV-7-FL

| | |
|---|---|
| DAVID ANDREW KIRTON, JR., ) | |
| ) | |
| Movant, ) | |
| ) | **RESPONSE IN OPPOSITION TO** |
| v. ) | **MEMORANDUM OF LAW IN** |
| ) | **SUPPORT OF MOTION TO** |
| UNITED STATES OF AMERICA, ) | **DISMISS** |
| ) | |
| Respondent. ) | |

COMES Movant, DAVID ANDREW KIRTON, JR. ("Kirton"), appearing *pro se*, and files a response in opposition to the government's Memorandum in Support of Motion to Dismiss his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") as follows:

### A. PRELIMINARY STATEMENT

As a preliminary matter, Kirton respectfully requests that this Court be mindful that *pro se* pleadings are to be construed liberally. See *United States v. Wilson*, 699 F.3d 789 (4th Cir. 2012) (*Pro se* pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (same); and *Haines v. Kerner*,

1

404 U.S. 519, 520 (1972) (same). Secondly, Kirton adopts by reference and in whole his arguments previously filed in his § 2255 Motion. See Doc. 108.[1]

## B. RESPONSE TO MOTION TO DISMISS

The Memorandum in Support of Motion to Dismiss is divided into four (4) main sections: (1) Summary of Argument; (2) Factual and Procedural Statement; (3) Argument; and (4) Conclusion. See CvDoc. 116. Kirton will reply to each section sequentially as follows:

## SUMMARY OF ARGUMENT

In this main section of the Motion to Dismiss, the government states that, "Petitioner is unable to show that his counsel's representation was deficient or that any perceived deficiency prejudiced him. Rather, as discussed in detail below, defense counsel was very effective at both the plea negotiation phase and at sentencing. Thus, Petitioner's motion to vacate his sentence based on allegations of ineffective assistance of counsel should be dismissed." *Id.* at 2. Contrary to the government's opinion, Kirton argues that an evidentiary hearing is necessary so that he may further prove his meritorious grounds for relief, resolve facts in dispute and expand an incomplete record.

---

[1] "Doc." refers to the Docket Report in the United States District Court for the Eastern District of North Carolina, Southern Division in Criminal No. 7:17-cr-00129-FL-1, which is immediately followed by the Docket Entry Number.

2

## FACTUAL AND PROCEDURAL STATEMENT

Here, the government gives a fair and accurate summation of the relevant procedural background in this case. *Id.* at 2-9. Kirton does not object to this section except for the government's opinion that reads, "... The motion should be dismissed because Petitioner is unable to show that his counsel's representation was deficient or that any perceived deficiency prejudiced him. Furthermore, dismissal is required based on the Fourth Circuit's ruling on Petitioner's appeal and due to Petitioner's plea agreement waiver." *Id.* 8-9. Kirton opposes the government's conclusion for the following reasons:

Kirton wholly relied on his counsel's advise, Kirton agreed to sign the Plea Agreement based on the communication and recommendation of Donahue. Such communication was between defense counsel and Kirton, therefore, it was not transcribed in Court nor included in the Plea Agreement. Pursuant to the Plea Agreement, Kirton waived his right to appeal except collateral attack based upon ineffective assistance of counsel or prosecutorial misconduct.

## ARGUMENT

This main section of the Motion to Dismiss is divided into two (2) subsections: (I) Standard of Review; and (II) Petitioner's claims of ineffective assistance of counsel fail under both prongs of the *Strickland* test. *Id.* at 9-14. Again, Kirton will

3

reply to each subsection sequentially as follows:

I. **Standards for Review**

In this subsection of the Motion to Dismiss, the government gives the legal standard for § 2255 Motions that a petitioner must prove the grounds for collateral relief by a preponderance of evidence as set forth in *Miller v. United States*, 261 F.2d. 546, 547 (4th Cir. 1995). *Id.* at 9-10. Kirton does not object or take exception to this subsection of the Motion to Dismiss.

II. **Petitioner's claims of ineffective assistance of counsel fail under both prongs of the *Strickland* test.**

Here, the government opines that Kirton's claims of ineffective assistance of counsel fail under both prongs of the *Strickland* test: (a) Claim of ineffective assistance during plea negotiations; and (b) Claim of ineffective assistance during sentencing hearing. *Id.* at 10-14.

With regard to the performance prong of the *Strickland/Hill* test, "if a defendant is represented by counsel and pleas guilty upon advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U. S. 759 (1970). "[T]o prove prejudice, [defendant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

4

proceeding would have been different." *Id.* at 841-42. "And, of course, 'any amount of actual jail time has Sixth Amendment significance,' which constitutes prejudice for purposes of the *Strickland* test." *Glover v. United States*, 531 U.S. 198, 203 (2001).

As previously stated in his § 2255 motion, Kirton agreed to sign the Plea Agreement thinking that the government will not use any information based on his "protected statements" to calculate his sentence guideline; and to dismiss multiple counts. Donahue advised Kirton that under the provision in the Plea Agreement that the government will not use his "protected statements" against him to calculate drug weight for sentencing, and therefore the Court may not consider anything he volunteered to law enforcement under the agreement, under the logic that by giving the statements himself he shields them from use at all.

Kirton's § 2255 motion states that:

Donahue misunderstood the Plea Agreement exception to this provision. In his Plea Agreement signed on April 30, 2018, the provision in question states:

> (4) f. Pursuant to USSG 1B1.8, that self-incriminating information provided by the Defendant pursuant to this Agreement shall not be used against the Defendant in determining the applicable advisory Guideline range, except as provided by 1B1.8 and except as stated in this Agreement. The United States may provide to the United States Probation Office any evidence concerning relevant conduct.

5

USSG § 1B1.8. Use of Certain Information, states:

(a) Where a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and as part of that cooperation agreement the government agrees that self-incriminating information provided pursuant to the agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement.

(b) The provisions of subsection (a) shall not be applied to restrict the use of information:

(1) known to the government prior to entering into the cooperation agreement;

(2) concerning the existence of prior convictions and sentences in determining § 4A1.1 (Criminal History Category) and § 4B1.1 (Career Offender);

(3) in a prosecution for perjury or giving a false statement;

(4) in the event there is a breach of the cooperation agreement by the defendant; or

(5) in determining whether, or to what extent, a downward departure from the guidelines is warranted pursuant to a government motion under § 5K1.1 (Substantial Assistance to Authorities).

The Commentary makes clear it is the self-incriminating information, while cooperating against others', after entering into a cooperation agreement, and wholly unknown to the government prior to his disclosure that is barred from use– an information Kirton was not made aware of prior to accepting the plea offer.

6

In this case, it is apparent from the advice and information given to Kirton that Donahue expressly failed to correctly familiarize with the relevant facts of the case, case law, applicable Guidelines and potential consequences of a conviction in his case. In conclusion, Kirton relied upon Donahue's faulty belief that his protected statements shield from the Court's review any drug weight supplied by the investigation prior to his protected statements for use at sentencing, a concept specifically addressed in exception in the plea agreement under § 1B1.8(b)(1).

In the plea bargaining stage of criminal proceedings, the second part of the *Strickland* analysis, i.e., the "prejudice" prong, "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); accord *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012); *Missouri v. Frye*, 132 S. Ct. 1399, 1409-10 (2012).

In this case, Kirton was misguided by Donahue and was prejudiced when he pled guilty and received a 100-month sentence.

To the government, Kirton's counsel may not appear ineffective as perception/judgment always differ if you're on the outside looking in. Kirton strongly believed that his counsel had no plans to proceed to trial, that's why no strategic defense plan was ever formulated, instead he was pushed to plead guilty.

7

At sentencing, Donahue objected to the drug calculation but he failed to assert that drug weight is an element of the offense and that any fact that increases a mandatory minimum penalty is an element that must be charged in an indictment and proved to a jury beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). Under those two cases, Kirton's sentence would be based on less than 1 kilogram of heroin, and not for 2,810 grams of heroin referenced in his PSR. See Section 841(b)(1)(C).

Further, although Donahue objected to the 2-level gun enhancement, he failed to remind the Court that the 2-level enhancement for the gun was not ruled on yet. More so, the said enhancement should not apply as Harris' statements were untruthful– as the government conceded. Hence, the guideline calculation in this case is not clear.

Because the judge failed to articulate with specificity how he arrived at the sentence, speculation is required to argue in absence of a ruling on the objection.

## **CONCLUSION**

In its conclusion to the Motion to Dismiss, the government requests that the Court dismiss Kirton's Motion to Vacate. However, for the above and foregoing reasons, Kirton's prays that the Court rules on the merits of his § 2255 Motion and

8

vacate his sentence. In the alternative, an evidentiary hearing should be held so that Kirton may further prove his meritorious ground for relief, resolve any disputed facts, and expand an incomplete record.

Respectfully submitted,

Dated: April _6_, 2020.

DAVID ANDREW KIRTON, JR.
REG. NO. 53240-056
FCI EL RENO
FEDERAL CORR. INSTITUTION
P.O. BOX 1500
EL RENO, OK 73036
Appearing *Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on April _6_, 2020, a true and correct copy of the above and Foregoing Response in Opposition to Memorandum of Law in Support of Motion to Dismiss was sent via U. S. Mail, postage prepaid, to Dennis M. Duffy, Assistant United States Attorney at United States Attorney's Office, 150 Fayetteville Street, Suite 2100, Raleigh, NC 27601.

DAVID ANDREW KIRTON, JR.