IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:17-CR-129-FL-1
NO. 7:20-CV-7-FL

| | | |
|---|---|---|
| DAVID ANDREW KIRTON, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 108) and respondent's motion to dismiss (DE 115). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Kimberly A. Swank, entered a memorandum and recommendation ("M&R") (DE 123), wherein it is recommended that the court dismiss petitioner's motion and grant respondent's motion. Thereafter, petitioner objected to M&R. In this posture, the issue raised are ripe for ruling. For the following reasons, the court adopts the M&R, dismisses petitioner's § 2255 motion, and grants respondent's motion.

## BACKGROUND

Petitioner pleaded guilty on May 1, 2018, pursuant to a written plea agreement, to distribution and possession with intent to distribute a quantity of heroin and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 2. The court sentenced petitioner, on October 10, 2018, to a term of imprisonment of 100 months. Petitioner appealed and the court of appeals dismissed the appeal due to a waiver in petitioner's plea agreement.[1]

---

[1] On October 24, 2018, this matter was reassigned from the judge that conducted sentencing in this case to the undersigned judge.

Petitioner filed the instant motion to vacate on January 9, 2020, claiming ineffective assistance of counsel in pretrial proceedings and at sentencing. The government filed the instant motion to dismiss on March 26, 2020, arguing that petitioner fails to state a claim upon which relief can be granted. In M&R entered July 30, 2021, the magistrate judge recommends dismissal of the petition on the basis that petitioner fails to state a claim upon which relief can be granted. Petitioner thereafter filed objections to the M&R.

## DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and

2

Case 7:17-cr-00129-FL   Document 126   Filed 12/22/21   Page 2 of 5

conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

The magistrate judge thoroughly and cogently addressed the reasons for dismissal of the instant petition. Upon de novo review of the claims asserted and the record in this case, the court overrules the objections and adopts the findings and recommendation in the M&R. The magistrate judge correctly determined that petitioner failed to state a claim that counsel's representation fell below an objective standard of reasonableness, in light of the record and the circumstances of this case. See Strickland v. Washington, 466 U.S. 668, 678-88 (1984). The court writes separately to augment the analysis of the M&R and to address petitioner's objections.

Petitioner argues in his objections that the M&R failed to take into consideration the possibility that petitioner could have pleaded guilty to the indictment without a written plea agreement. Petitioner, however, has failed to allege facts permitting an inference that it would have been rational to plead guilty without a plea agreement or to go to trial rather than accepting the negotiated plea agreement. See Padilla v. Kentucky, 559 U.S. 356, 372 (2010) (stating that a petitioner must demonstrate "that a decision to reject [a] plea bargain would have been rational under the circumstances" to satisfy the Strickland standard).

In particular, there is no basis upon which to infer that a plea without a plea agreement would have provided a strategic advantage to petitioner. Petitioner received multiple benefits from the plea agreement that he would not have received without it, including but not limited to: 1) dismissal of seven additional felony drug counts; 2) the government's agreement to make

3

petitioner's cooperation known at sentencing; 3) the government's agreement that self-incriminating information provided by petitioner pursuant to the agreement will not be used against petitioner in determining advisory guideline range; and 4) the government's agreement that a three-level downward adjustment for acceptance of responsibility applies. (See Plea Agreement (DE 63) at 6-8). Having a written plea agreement in place prior to arraignment, the government also did not file a notice of enhanced penalty pursuant to 21 U.S.C. § 851, and it moved for downward departure for substantial assistance at sentencing.

Petitioner argues that dismissal of seven charges "would not have made a difference in his sentence," and the government would have had to file a § 851 notice in any event prior to arraignment. (Def's Obj. at 4-5). This argument, however, misses the point that petitioner's plea agreement provided substantial protections that would not have been in place without the agreement. It is speculative to infer what petitioner's sentence would have been without a plea agreement and with eight felony drug counts. It is also speculative to infer that the government would have proceeded to arraignment, without filing a § 851 notice for which defendant qualified, if the petitioner had not negotiated a written plea agreement.

Petitioner suggests that without a plea agreement in place he could have appealed a sentence based upon drug quantities attributable to his statements in cooperation. However, absent a written plea agreement, petitioner would not have had protected statements to begin with. (See Plea Agreement (DE 63) at 7). In that scenario, the court would not have been constrained by the terms of the plea agreement in considering evidence about drug quantities attributable to petitioner, and an appeal on that issue would be meaningless.

In sum, petitioner has failed to allege that counsel was deficient in failing to advise petitioner differently in plea negotiations, or that but for counsel's performance, he would not have

4

Case 7:17-cr-00129-FL   Document 126   Filed 12/22/21   Page 4 of 5

pleaded guilty with a written plea agreement.  See Hill v. Lockhart, 474 U.S. 52, 59 (1985).  Therefore, petitioner's claims fail as a matter of law and must be dismissed.

C.      Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).  After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 123).  Petitioner's motion to vacate, set aside, or correct his sentence (DE 108) is DISMISSED, and respondent's motion to dismiss (DE 115) is GRANTED. A certificate of appealability is DENIED.  The clerk is DIRECTED is close this case.

SO ORDERED, this the 22nd day of December, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge